IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TIMOTHY L. WILLIAMS JR.,**

        **Plaintiff,**

    **v.**                          CASE NO.16-3203-SAC-DJW

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order of April 19, 2017, the undersigned directed Plaintiff to show cause why this matter should not be dismissed for failure to state a claim upon which relief may be granted. In lieu of a response, Plaintiff filed an amended complaint on May 30, 2017. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within 21 days of service of the original pleading. Because this is Plaintiff's first amended complaint and because the original complaint has not been served on Defendants, Plaintiff is in compliance with Rule 15, and the Court will consider his amended complaint.

1

**Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se

status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

**Complaint**

In his amended complaint, Plaintiff names two defendants: Officer M. Steen and Corizon Healthcare ("Corizon"). Plaintiff

3

alleges that on September 18, 2016, he was struck in the chest by a sally port door as a result of the actions of Defendant Steen. Plaintiff had been in the medication line at the time, and Defendant Steen was operating the control system for the door. He directed the prisoners in line to proceed through the door. Plaintiff was walking through the door when it began to close, striking Plaintiff in the center of the chest. Plaintiff backed up into the housing unit to avoid further contact with the door. When he brought the incident to Defendant Steen's attention, Plaintiff alleges Officer Steen became very aggressive, irate, and defensive, yelling at him that he "should have waited until the door was completely opened." Plaintiff complained to the shift sergeant, who was present, and later filed a formal grievance.

After being advised by the Court that negligent acts cannot form the basis of a constitutional violation, Plaintiff now alleges Defendant Steen intentionally caused the door to close on him. Plaintiff did not otherwise change his description of the event.

Plaintiff adds allegations that he was not properly assessed by Corizon staff members after the incident. He complains that no x-rays were taken of his chest.

Plaintiff alleges that he suffers from chronic chest and back pain, post-traumatic stress disorder, and a phobia of sally

4

port doors as a result of the incident. He requests damages in the amount of $133,666.13.

**Analysis**

The Court has reviewed Plaintiff's amended complaint with the standards set out above in mind. While Plaintiff has cured some of the deficiencies noted in the order to show cause, he still fails to state an actionable § 1983 claim.

**Count I**

Count I of Plaintiff's amended complaint is based on the incident where Defendant Steen closed the sally port door on him. Plaintiff claims Defendant Steen violated his Eighth Amendment rights. The Eighth Amendment prohibits the infliction of "cruel and unusual" punishment. *See* U.S. Const. amend. VIII. A prison guard's use of force is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." *Whitley v. Albers,* 475 U.S. 312, 319 (1986). The force must have been applied "maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).

Plaintiff alleged in his initial complaint that Defendant Steen was negligent in his actions. As discussed in the order to show cause, negligence on the part of a prison guard, even where an injury results, does not rise to the level of a constitutional violation. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986), *citing Daniels v. Williams*, 474 U.S. 327, 333 (1986).

5

In his amended complaint, Plaintiff alleges at one point that Defendant Steen acted intentionally (Doc. #7, p. 4). However, his description of the event continues to refer to Defendant Steen's "negligence" (Doc. #7, pp. 1, 3) and "poor attention to detail" (Doc. #7, p.3). Plaintiff also mentions that there is a "blind spot" that could be addressed to "[alleviate] the problem in the future" (Doc. #7, p. 3). In addition, he describes Defendant Steen's initial response when confronted as telling Plaintiff he should have waited until the door was completely open to attempt to pass through, when the door had been completely open and was closing. This indicates Defendant Steen did not even see the incident occur. Plaintiff has not provided any additional facts to make the allegation of intent plausible, such as a history of conflict with Defendant Steen. Plaintiff's allegations do not contain facts supporting a plausible claim that Defendant Steen acted wantonly.

Even if Plaintiff's allegation of intentional action on Defendant Steen's part is taken as true, Plaintiff has still failed to state an Eighth Amendment claim. First, intentional acts are not necessarily wanton acts rising to the level of a constitutional violation. *See Barber v. Grow,* 929 F. Supp. 820, 823 (E.D. Pa. 1996) (guard intentionally pulling chair out from under inmate is not wanton behavior). Furthermore, the Eighth Amendment "excludes from constitutional recognition *de minimis*

uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson,* 503 U.S. at 9-10 (citations and internal quotations omitted). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson,* 503 U.S. at 9. The Court questions whether a prison guard allowing a door to close as a prisoner attempts to walk through even qualifies as a "use of force." In any event, it is at most a *de minimis* use of force. *Compare Starr v. Kober*, 2015 WL 6511659, at *9 (W.D. Okla. Oct. 6, 2015), *report and recommendation adopted,* 2015 WL 6511725 (W.D. Okla. Oct. 28, 2015), *aff'd,* 642 F. App'x 914 (10th Cir. 2016) (claim that guard pushed a steel door hard and that the door hit the plaintiff's left side did not state Eighth Amendment violation); *Mitchell v. Nutall*, 2012 WL 967567, at *3 (S.D. Ill. Mar. 21, 2012) ("Plaintiff's isolated incident of being hit by an exit door does not meet the standard for cruel and unusual punishment"); *McCall v. Crosthwait,* 336 F. App'x. 871, 872 (11th Cir. 2009) (no constitutional violation occurred where officer pushed detainee out of jail's elevator causing inmate to hit partially open steel door and fall against plexiglass window thereby suffering bruised shoulder and elbow); *Johnson v. Moody,* 206 F. App'x. 880, 885 (11th Cir. 2006) (officer's pushing or kicking metal tray door on inmate's hand was *de minimis* use of force which did not constitute Eighth Amendment violation); *Hill*

7

*v. Kelly,* 1997 WL 638402, at *4 (E.D. Pa. Oct. 16, 1997) (guard closing door on plaintiff's thumb is the kind of *de minimis* imposition with which the Constitution is not concerned).

The Court finds Plaintiff's allegations fail to plausibly state an Eighth Amendment claim. Accordingly, Plaintiff's excessive force claim should be dismissed for failure to state a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

**Count II**

In Count II of his complaint, Plaintiff alleges that Defendant Corizon failed to provide him with adequate medical care after the sally port door incident. According to his amended complaint, he was sent to the prison clinic to be examined soon after the incident. The nurse on duty advised Plaintiff to take some ibuprofen and apply an ice pack to his chest. Plaintiff was experiencing worse pain in his chest the next morning, so he returned to the clinic. The nurse on duty prescribed the same course of treatment as the first nurse. Plaintiff's primary complaint is that neither nurse took "x-rays or photos to assure that [Plaintiff] did not have life threatening injuries." (Doc. #7, p. 4).

In order for a prisoner to state a claim under 42 U.S.C. § 1983 for medical mistreatment, Plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard includes an objective and a subjective component, both of which must be met to prevail under § 1983 on a claim of medical mistreatment. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (*quoting Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

In this case, Plaintiff has not alleged his injury was completely disregarded. Instead, he disagrees with the method of assessment and the course of treatment prescribed. The subjective component of the deliberate indifference standard "is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment." *Self v. Crum*, 439 F.3d 1227, 1232-33 (10th Cir. 2006). The Tenth Circuit has found that where a health care provider exercises medical judgment in prescribing one course of treatment over another, he does not exhibit deliberate indifference to a serious medical need. *See Toler v. Troutt*, 631 F. App'x. 545, 548 (10th Cir. 2015)("The bottom line is that Mr. Toler identifies no decision clearly establishing the proposition that exercising medical judgment in prescribing one course of treatment over another constitutes deliberate indifference to a

9

serious medical need. He cannot identify such precedent because our controlling precedent clearly establishes the law to the contrary.")

As with Count I, Plaintiff is attempting to make what are at the most negligent acts or omissions into constitutional violations. The Tenth Circuit has made clear that "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999).

Another problem with Count II is that Plaintiff names only Corizon as a defendant. Corizon is a private corporation that provides medical services to inmates. A corporation acting under color of state law cannot be held liable under a theory of respondeat superior for the actions of its individual employees. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). It can be held liable under § 1983 only for unconstitutional policies and practices. *Id.* Plaintiff has not described any established policy or practice promulgated by Corizon and explained how it was applied to him in a manner that caused his alleged injuries. Thus, Plaintiff fails to allege facts sufficient to state a claim against Corizon.

The Court finds that Count II of Plaintiff's complaint should be dismissed.

**Summary**

For the reasons set forth, the Court concludes this matter must be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that this matter is dismissed for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

DATED: This 7TH day of June, 2017, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**